# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 16, 2010

Charles R. Fulbruge III
Clerk

No. 09-50172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERA ANN CALDWELL, also known as Tera Caldwell,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-171-4

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tera Ann Caldwell appeals the 200-month sentence imposed following her guilty plea conviction for conspiracy to manufacture methamphetamine and for possession of a chemical, product, or material to manufacture methamphetamine. She argues that the district court clearly erred in imposing a six-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(10)(D).

We review the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Cisneros-Guiterrez*, 517 F.3d 751, 764 (5th Cir. 2008). A factual finding is clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake has been made. *United States v. Valdez*, 453 F.3d 252, 262 (5th Cir. 2006). A factual finding is not clearly erroneous if it is plausible in light of the entire record. *Id.*

Section 2D1.1(b)(10)(D) provides for a six-level increase in a defendant's offense level "if the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or an incompetent." § 2D1.1(b)(10)(D). Offense is defined as "the offense of conviction and all relevant conduct under U.S.S.G. § 1B1.3 . . . unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1, comment. (n.1(H)). Application note 20(A) to § 2D1.1 sets forth several factors to be considered in determining whether the enhancement is warranted: (1) the quantity and manner of storage of chemicals or hazardous or toxic substances found at the laboratory; (2) the disposal method for the hazardous or toxic substances and the likelihood of their release into the environment; (3) the duration of the offense and extent of the manufacturing operation; and (4) the location of the laboratory (e.g., whether it was located in a residential area or in a remote area) and the number of lives placed at substantial risk of harm.

Caldwell does not dispute that two of her three minor children tested positive for methamphetamine as a result of having ingested methamphetamine. Instead, she contends that she did not give her children methamphetamine, that the danger to her children was not reasonably foreseeable to her, and that the district court failed to consider the factors enumerated above.

Caldwell's arguments are belied by the record. The evidence demonstrates that methamphetamine was produced in Caldwell's home, where she and her children lived, once or twice a week for over a year, that the room where the methamphetamine was produced was in close proximity to the children's room, that items used to produce methamphetamine, including lye, ammonium

sulphate, and other items, were stored in Caldwell's home and were within reach of a minor child, and that at least one minor child who was living in the house described in detail part of the process of producing methamphetamine and complained of an odor in the house.

Even if Caldwell's minor children were not present in the house during the actual cooking process, the evidence reflects that the children were living in an environment that made it possible for them to ingest methamphetamine, as evidenced by the uncontested hair-follicle tests. Under the circumstances, it was reasonably foreseeable to Caldwell that the environment in which the minor children were living created a substantial risk of harm to the children.

After reviewing the entire record, we are not left with the definite and firm conviction that the district court erred in applying the enhancement. *See Valdez*, 453 F.3d at 262. Accordingly, the district court's judgment is AFFIRMED.